JAMES E. KAIME, Respondent, *v.* ROGER N. HARTY ET AL., Appellants.

### July 9, 1877.

A perpetual injunction was granted restraining H., a contractor, and the city of St. Louis, from opening and improving a proposed street, on the ground that the land to be taken for the street had never been dedicated to public use. A motion was made for a new trial, on the ground that the ordinance directing the work to be done had been subsequently repealed. *Held*, that the repeal of the ordinance was conclusive in favor of the injunction, and not a ground for dissolving the injunction.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
LEVERETT BELL, with E. T. FARISH, for appellants.
FISHER & ROWELL, for respondent.

Lewis, P. J., delivered the opinion of the court.

The plaintiff applied for an injunction to restrain the defendants, Harty and the city of St. Louis, from opening, grading, macadamizing, curbing, and guttering a proposed street, to be called Hogan Avenue, across part of plaintiff's property. The petition states that a city ordinance has been passed directing the work to be done, and that defendant Harty has, in the customary form, contracted to perform it; that the ground to be occupied has never been dedicated for any such purpose, and the city has no right or title so to use it; that said proposed Hogan Avenue will be useless as a street, and the tax-payers and property-owners in the vicinity, plaintiff included, will be irreparably damaged thereby.

A preliminary injunction was granted. Defendants filed an answer denying all material allegations in the petition, and alleging that Hogan Avenue had been duly opened and dedicated according to law, and had been in part graded in accordance with law, and was now a public street of said city : first, by deed of John Hogan and wife ; second, by plat of Van Deventer, duly recorded in the recorder's office of St. Louis County ; and, third, by long-continued use of said Hogan Avenue as a street for public purposes. Also, that plaintiff is estopped from asserting that the same has not been dedicated, by admissions made by him heretofore, under his own signature, and by a contract to that effect made by plaintiff with the city of St. Louis.

The plaintiff filed a reply, and the cause was tried by the court upon its merits, under defendants' motion to dissolve the injunction. The court found that the construction of Hogan Avenue was without warrant of law, and made the injunction perpetual.

After the decree, the city of St. Louis moved for a new trial, alleging, among other reasons, that, on a day which appears to have been subsequent to the hearing on the motion to dissolve the injunction, the city ordinance direct-

ing the work to be done on Hogan Avenue was repealed. The motion was accompanied by a certified copy of the repealing ordinance. The motion for new trial being overruled, the city appealed.

The appellant claims that, by its repeal of the ordinance for the improvement of Hogan Avenue, it has announced an intention to abandon the work; wherefore plaintiff has no further right, under any circumstances, to an injunction restraining its prosecution. This might be compared with the case of one who should defend against a just claim on the ground that he intends to settle it. There appears nothing to prevent the passage of another ordinance of like effect with the one repealed, whether the injunction be dissolved or not. Moreover, the injunction is not against the ordinance, but against the work. The repeal of the ordinance is conclusive in favor of the injunction; since, without such an ordinance in existence, there is no shadow of authority for proceeding with the improvement. This consideration alone requires an affirmance of the judgment. We may add, however, that upon a careful examination of the testimony we find no sufficient evidence of a dedication by the owners of the ground, by continued user or otherwise, to justify the exercise of any powers held by the city corporation in taking possession of the property in question for the public use. All the judges concurring, the judgment is affirmed.